IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS TERRAIL NOLEN                                                                                           PLAINTIFF

v.                                            Civil No. 6:20-CV-06112

OFFICER JEREMY LEDBETTER,                                                                                 DEFENDANTS
OFFICER CHAD LEDBETTER and
PAROLE OFFICER DANNY MARSTT

**ORDER**

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Currently before the Court are Plaintiff's Motion for Subpoena and Criminal Charges. (ECF No. 32).

      Plaintiff filed his Complaint on October 1, 2020. (ECF No. 1). On March 2, 2021, the summons sent to Defendants Chad and Jeremy Ledbetter were returned unexecuted, stating that the officers no longer worked for the Malvern Police Department, and there was no last-known address on file for either Defendant. (ECF No. 20). On March 3, 2021, the Court entered an Order directing Plaintiff to provide addresses for proper service on these Defendants. (ECF No. 22). On March 12, 2021, Plaintiff provided several possible addresses for these Defendants. (ECF No. 25). On March 16, 2021, the Court entered an Order directing service to the Hot Spring County Sheriff's Office. (ECF No. 26). To date, service is still in progress; neither summons has been returned as either executed or unexecuted.

      Plaintiff filed his Motion on May 14, 2021. (ECF No. 32). Plaintiff asks that the Court issue subpoenas requiring an Answer from Jeremy and Chad Ledbetter, as well as the address of counsel for these Defendants. (*Id*. at 1). These subpoena requests are improper. As these Defendants have not yet been served, an Answer is not yet required. Fed. R. Civ. P. 4, 12. What

counsel Defendants might elect to use for representation once served is unknown to the Court. If service is successful, the Federal Rules of Civil Procedure dictate the requirement and timing of the Answer.

Plaintiff similarly asks the Court to issue subpoenas for Answers and the address of counsel for his John Doe Officers. (*Id*. at 2). The Court cannot issue subpoenas to unknown persons. Instead, as Plaintiff was instructed in his Prisoner Litigation Guide, he must use the discovery process in this case to identify these parties.

Plaintiff also requests that criminal charges be brought against Defendants Chad and Jeremy Ledbetter for failing to make themselves available to be served by the United States Marshal Service. (*Id*. at 1). There is no federal criminal liability for not voluntarily agreeing to service of civil process. Pursuant to the Federal Rules of Civil Procedure, once valid service on a party is achieved, the appropriate sanction for a failure to plead or otherwise defend is default judgment. Fed. R. Civ. P. 55.

The Motion at issue is frivolous as it has no basis in the law or rules of this Court. The Court declines to impose sanctions at this time. Plaintiff is cautioned that future frivolous motions or pleadings may result in sanctions, including dismissal of some or all of his claims.

Accordingly, Plaintiff's Motions for Subpoena and Criminal Charges (ECF No. 32) are **DENIED**. Plaintiff is **ADVISED** that a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

IT IS SO ORDERED this 25th day of May 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE