IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS TERRAIL NOLEN                                                                    PLAINTIFF

v.                                        Civil No. 6:20-CV-06112

OFFICER JEREMY LEDBETTER,                                                              DEFENDANTS
OFFICER CHAD LEDBETTER, PAROLE
OFFICER DANNY MARSTT and
DEPUTY/OFFICER JOHN DOES

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to provide a valid service address for Defendant Jeremy Ledbetter.

### I. BACKGROUND

Plaintiff filed his Complaint on October 1, 2020. (ECF No. 1). He filed his Amended Complaint on November 16, 2020. (ECF No. 14). Service to both Chad Ledbetter and Jeremy Ledbetter was first attempted unsuccessfully at the Malvern Police Department in Malvern, Arkansas. These summons were returned unexecuted on March 2, 2021, stating that both Defendants were no longer employed with the Malvern Police Department, and the Department had no last-known address on file for them. (ECF No. 20). Based on information provided by Plaintiff, a second pair of summons were sent to the Hot Spring County Sheriff's Office in Malvern, Arkansas. These were returned executed on August 31, 2021 (ECF No. 48).

On September 15, 2021, Attorney Melissa Dugger and the Association for Arkansas Counties Risk Management Services filed a Motion to Set Aside Service of Process as to Chad Ledbetter and Jeremey Ledbetter. (ECF No. 53). A Motion to Withdraw the Answer and Withdraw as Counsel was filed the same day. (ECF No. 55). These Motions were granted on October 13, 2021. (ECF No. 60). In that Order, Plaintiff was given until October 27, 2021, to provide service information for Defendant Jeremy Ledbetter.[1] Plaintiff was advised that if he failed to provide additional service information by the deadline, Defendant Jeremy Ledbetter would be dismissed as a party from the case. To date, Plaintiff has failed to provide an additional service address for Defendant Jeremy Ledbetter.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4 requires the Court to order service by the United States Marshal Service when a plaintiff proceeds *in forma pauperis* ("IFP") in compliance with 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3). "The officers of the court shall issue and serve all process, and perform all duties in such cases". 28 U.S.C. § 1915(d). Further, Rule 4 requires a defendant be served within 90 days after the complaint is filed or the Court must dismiss the complaint or order service be made within a specified time. However, if the plaintiff can show good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Dismissal is not required where service is ineffective, instead, the court has the discretion to either dismiss the action, or quash service but retain the case for further attempts at service. *See Marshall v. Warwick,* 155 F.3d 1027, 1032 (8th Cir. 1998). Additionally, while plaintiffs proceeding IFP are entitled to rely on the United States Marshal Service to serve summons, an IFP Plaintiff is

---

[1] Ms. Dugger provided additional service information for Defendant Chad Ledbetter in her motion, and a summons was issued on October 15, 2021. (ECF NO. 62). Defendant Chad Ledbetter filed his Answer on November 18, 2021. (ECF No. 65).

ultimately responsible for providing the Court with a proper address for service. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (citing *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286-88, n. 3 (11th Cir. 2009)); *Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993).

### III. ANALYSIS

The Court has twice attempted to serve Defendant Jeremy Ledbetter at addresses provided by Plaintiff. Plaintiff was given a third opportunity to provide a service address for this Defendant, and was advised that failure to provide an address by the deadline would result in the dismissal of Defendant Jeremy Ledbetter from the case. Despite being given an additional 33 days past the deadline to provide this information, Plaintiff has failed to do so.

### IV. CONCLUSION

Accordingly, I recommend that Defendant Jeremy Ledbetter be terminated as a Defendant in this lawsuit.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of November 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE